IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:24-CV-00281-KDB-DCK

| | |
|---|---|
| CHRISTOPHER ROSS HUFFMAN, <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | **MEMORANDUM AND ORDER** |

THIS MATTER is before the Court on the Memorandum and Recommendation of the Honorable Magistrate Judge David C. Keesler ("M&R") entered February 17, 2026 (Doc. No. 11); Plaintiffs' Objections to the M&R (Doc. No. 12) and the parties' pleadings and related filings.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party wishing to avail itself of its right to de novo review must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (internal quotation marks and citation omitted). However, the Court does not perform a de novo review where a party makes

1

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

The Court has conducted an independent review of the M&R, Plaintiff's objections (which largely repeat arguments already made to the Magistrate Judge), and a de novo review of the applicable record. Upon that review, the Court concludes that the recommendation to affirm the Commissioner's finding that Plaintiff was not disabled under the Social Security Act during the relevant period is correct and in accordance with law. The Court agrees that the ALJ's findings were "based on a comprehensive and thorough review of the evidence in the record, and the ALJ did not cherry-pick or otherwise mischaracterize the evidence." *See Fowls v. Comm'r of Soc. Sec*. No. 1:22-CV-00271-KDB-DCK, 2024 WL 3433667, at *2 (W.D.N.C. July 16, 2024).

Specifically on the two issues raised by the Plaintiff, the M&R first correctly concluded that the ALJ did not err in evaluating Plaintiff's underlying seizure condition. Plaintiff's complaint regarding Listing 12.07 is not well-taken because the ALJ examined Plaintiff's seizure disorder's symptoms in evaluating other listings with equivalent criteria. Therefore, an evaluation under Listing 12.07 would bear the same result. Second, the ALJ did not fail to properly evaluate Plaintiff's treating physicians' opinions. While other evidence in the record may support Plaintiff's positions, the ALJ considered both the objective and subjective evidence in making his decision and ultimately made an evaluation that did not fully endorse the treating physicians' recommendation regarding Plaintiff's need for impairment-related work absences. In its limited

role, it would be inappropriate for this Court to reweigh the evidence and supplant the ALJ's considered judgment. That is, the ALJ's view of the relevant medical opinions is supported by substantial evidence.

Therefore, for the reasons discussed above and more fully stated in the M&R, the findings and conclusions of the Magistrate Judge are **ADOPTED** and the Commissioner's decision will be **AFFIRMED**.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. The findings and conclusions of the Magistrate Judge (Doc. No. 11) are **ADOPTED**;

2. The Commissioner's decision is **AFFIRMED**; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 5, 2026

Kenneth D. Bell
United States District Judge